**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVORA PARTNERS, LLC,<br>Plaintiff,<br>v.<br>BRAND ENGAGEMENT NETWORK, INC.<br>Defendant. | Case No. |

## COMPLAINT

Evora Partners, LLC ("Plaintiff" or "Evora"), by and through its counsel, respectfully files its Complaint against Brand Engagement Network, Inc. ("Defendant" or "BEN") and states as follows:

## NATURE OF THE ACTION

1. This is an action to enforce written contractual obligations that Defendant expressly acknowledged, reaffirmed, and then materially breached.

2. After Evora fully performed all advisory and consulting services in connection with a consulting agreement, BEN acknowledged in writing that it was indebted to Evora in the principal amount of $1.9 million.

3. To resolve that outstanding obligation, the parties entered into an Amendment to the Consulting Agreement dated June 30, 2025 (the "Amended Consulting Agreement"), annexed as Exhibit 1, pursuant to which BEN affirmed its obligation to compensate Evora and agreed, among other things, to:

a. pay Evora a fixed advisory fee of $1,200,000 no later than June 30, 2026 (the "Fixed Advisory Fee"); and

b. advance and ultimately indemnify Evora and other defined Indemnified Persons for legal fees and expenses incurred in connection with proceedings arising from Evora's engagement.

4. BEN failed to honor each of those obligations.

5. BEN neither paid the Fixed Advisory Fee by the contractual deadline nor remitted any payments resulting from qualifying capital infusions within 10 business days of such infusion in order to satisfy the Fixed Advisory Fee, notwithstanding public filings demonstrating that such financings occurred.

6. BEN likewise refused to honor its contractual obligation to advance Evora's legal fees and expenses after Evora became subject to a subpoena in litigation arising directly out of the parties' engagement, despite acknowledging its advancement obligation and representing that it would make a partial advance.

7. This action seeks to recover damages resulting from BEN's material breaches of contract, obtain specific performance of BEN's continuing advancement obligations, and obtain declaratory relief concerning BEN's ongoing contractual duties to advance and indemnify Evora, together with prejudgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

9. Plaintiff Evora Partners, LLC is a limited liability company organized under the laws of New York. Each member of Evora is domiciled in and a citizen of the State of New York. Accordingly, Evora is a citizen of New York for purposes of 28 U.S.C. § 1332.

10. Upon information and belief, Defendant Brand Engagement Network, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Wyoming and is therefore a citizen of Delaware and Wyoming for purposes of diversity jurisdiction.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant expressly agreed that any suit arising out of or relating to the Consulting Agreement or the parties' engagement would be brought exclusively in the United States District Court for the Southern District of New York.

12. Specifically, Section B.e of the Amended Consulting Agreement provides that BEN: "…agrees that any suit or proceeding arising in respect to the Consulting Agreement or our engagement will be tried exclusively in the United States District Court for the Southern District of New York…" (Ex. 1, § B.e.)

13. BEN further agreed to submit to the jurisdiction of this Court and waived any objection to venue. (*Id.*)

14. The Amended Consulting Agreement further provides that it is governed by the laws of the State of New York, without regard to conflict-of-law principles. (*Id.*)

**<u>PARTIES</u>**

15. Evora is a corporate advisory firm which provides financial consulting services including analytics, transaction process, and due diligence support to investors, management

teams, and boards of directors with a focus on turnarounds, M&A, distressed and special situations debt, and capital structure alternatives.

16. BEN is a publicly traded generative artificial intelligence company whose securities trade on the Nasdaq Capital Market under the ticker symbol "BNAI."

## FACTUAL BACKGROUND

### *A. The Consulting Agreement*

17. On January 27, 2021, Evora entered into a Consulting Agreement with DHC Acquisition Corp. ("DHC"), a special purpose acquisition company formed to identify and consummate a business combination. The consulting agreement with DHC, dated January 27, 2021 (the "Consulting Agreement") is attached as Exhibit 2.

18. Pursuant to the Consulting Agreement, Evora agreed to provide extensive advisory, strategic consulting, and related services in connection with DHC's efforts to identify, evaluate, negotiate, and consummate a suitable business combination. Evora provided such services solely at the discretion of DHC.

19. In exchange for those services, DHC agreed to pay Evora:

a. a Fixed Financial Advisory Fee of $2,000,000, earned upon announcement of a qualifying transaction and payable upon or promptly after closing; and

b. reimbursement of all reasonable out-of-pocket expenses incurred in connection with the engagement.

20. Evora fully performed all material obligations required under the Consulting Agreement.

### *B. The Business Combination*

21. On July 25, 2022, DHC publicly announced a proposed business combination with With Purpose, Inc. (doing business as GloriFi), thereby triggering Evora's contractual entitlement to the advisory fee.

22. That transaction was subsequently abandoned.

23. On August 18, 2023, DHC and Evora executed an amendment extending the Consulting Agreement, attached as Exhibit 3 hereto.

24. Thereafter, on September 7, 2023, DHC publicly announced a proposed business combination with BEN.

25. On March 14, 2024, DHC and BEN successfully consummated the de-SPAC merger.

26. As part of the merger agreement between DHC and BEN, BEN assumed DHC's obligations.

27. Closing of that transaction triggered BEN's contractual obligation to pay Evora the Fixed Financial Advisory Fee.

28. BEN paid only approximately $100,000 toward the advisory fee, together with reimbursement of certain expenses, leaving the overwhelming majority of the fee unpaid.

***C. The Amended Consulting Agreement***

29. Rather than dispute the amount owed, BEN expressly acknowledged in writing that Evora remained entitled to compensation.

30. On or about June 30, 2025, the parties entered into the Amended Consulting Agreement.

31. The Amended Consulting Agreement expressly acknowledged that BEN remained indebted to Evora in the amount of approximately $1.9 million.

32. The Amendment established a revised payment structure intended to resolve BEN's outstanding obligations.

33. Section A.2.a(i) required BEN to pay Evora a Fixed Advisory Fee of $1,200,000 in cash no later than June 30, 2026.

34. Section A.2.a(ii) required BEN to pay Evora ten percent (10%) of qualifying capital infusions received by BEN within ten (10) business days following receipt of such financing, subject only to specifically identified exclusions, until the full Fixed Advisory Fee was paid. If the payments required by Section A.2a(ii) were less than the $1,200,000 Fixed Advisory Fee, all remaining amounts owed would be due no later than June 30, 2026.

35. These payment obligations were unconditional.

36. The Amended Consulting Agreement constituted a valid and binding contract supported by ample consideration.

***D. BEN's Failure to Honor Its Payment Obligations***

37. Following execution of the Amended Consulting Agreement, BEN publicly disclosed multiple financing transactions through filings made with the Securities and Exchange Commission.

38. Upon information and belief, one or more of those financing transactions constituted qualifying capital infusions under Section A.2.a(ii) of the Amended Consulting Agreement.

39. Despite those qualifying capital infusions, BEN failed to remit any payment to Evora.

40. On April 25, 2026, Evora submitted an invoice identifying the amounts then due and owing under the capital infusion payment provisions.

41. BEN neither disputed the invoice nor asserted that the amounts reflected therein were inaccurate.

42. Instead, BEN failed to make any payment.

43. On June 12, 2026, Evora transmitted a formal written demand reminding BEN that all amounts remaining due under the Amended Consulting Agreement, including the Fixed Advisory Fee, were required to be paid no later than June 30, 2026.

44. June 30, 2026 passed without payment.

45. BEN has never disputed the validity of the Amended Consulting Agreement.

46. BEN has never contended that Evora failed to perform its contractual obligations.

47. BEN nevertheless failed and refused to pay the Fixed Advisory Fee.

***E. BEN's Breach of Its Advancement and Indemnification Obligations***

48. The Amended Consulting Agreement separately contains broad advancement and indemnification provisions for the benefit of Evora and other defined Indemnified Persons.

49. Among other things, BEN agreed to advance the expected costs of reasonable attorneys' fees and litigation expenses whenever an Indemnified Person became involved in any action, proceeding, investigation, or other matter arising from or relating to Evora's engagement or the Consulting Agreement.

50. BEN further agreed to indemnify Evora and the other Indemnified Persons against all covered losses, including attorneys' fees and litigation expenses, except in circumstances involving gross negligence, willful misconduct, or bad faith.

51. The Amended Consulting Agreement further expressly acknowledged that, as of the date of the Amendment, no Indemnified Person had engaged in conduct constituting gross negligence, willful misconduct, or bad faith.

52. On or about May 21, 2026, Evora was served, through the New York Secretary of State, with a non-party subpoena duces tecum issued in the action captioned *Brand Engagement Network, Inc. v. AFG Companies, Inc*., No. 25-cv-2245 (CM) (S.D.N.Y.) (the "Subpoena").

53. The Subpoena arises directly from matters relating to Evora's engagement and therefore falls squarely within the advancement and indemnification provisions of the Amended Consulting Agreement.

54. By letter dated June 5, 2026, Evora promptly notified BEN of the Subpoena, demanded advancement pursuant to the Amended Consulting Agreement, and requested that BEN honor its contractual obligations.

55. BEN acknowledged receipt of the demand.

56. Following discussions between counsel, BEN represented that it would advance $25,000 toward Evora's legal fees and expenses.

57. Although Evora did not agree that $25,000 represented the full amount required to satisfy BEN's contractual advancement obligations, Evora nevertheless provided wiring instructions so that BEN could immediately fund that undisputed amount.

58. Following that discussion, BEN failed to transmit any funds.

59. Evora then repeatedly sought to communicate with BEN to reach a resolution over the course of nearly a month, but to date, BEN has failed to transmit any funds.

60. As a result of BEN's refusal to honor its contractual obligations, Evora has been required to incur substantial attorneys' fees and litigation expenses, which continue to accrue.

## COUNT I – BREACH OF CONTRACT (PAYMENT OBLIGATIONS)

61. Evora incorporates Paragraphs 1 through 60 by reference as if fully set forth herein.

62. The Amended Consulting Agreement constitutes a valid, binding, and enforceable contract between Plaintiff and Defendant.

63. Plaintiff fully performed all material obligations required of it under the Consulting Agreement and the Amended Consulting Agreement, or any remaining obligations were excused by Defendant's prior material breaches.

64. Under Section A.2.a(i) of the Amended Consulting Agreement, Defendant agreed to pay Plaintiff a Fixed Advisory Fee of $1,200,000 in cash no later than June 30, 2026.

65. Under Section A.2.a(ii), Defendant further agreed to pay Plaintiff ten percent (10%) of qualifying capital infusions received by Defendant within ten (10) business days after receipt of such funds, subject only to expressly identified exceptions.

66. Defendant received qualifying capital infusions following execution of the Amended Consulting Agreement.

67. Despite receiving those capital infusions, Defendant failed to make any payments required under Section A.2.a(ii).

68. Defendant likewise failed to pay the $1,200,000 Fixed Advisory Fee by June 30, 2026.

69. Plaintiff demanded payment, but Defendant failed and refused to cure its defaults.

70. Defendant's failure to make the required payments constitutes a material breach of the Amended Consulting Agreement.

71. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in an amount to be proven at trial, including, without limitation:

a. the unpaid Fixed Advisory Fee of $1,200,000;

b. prejudgment interest pursuant to New York law; and

c. such additional damages as may be established through discovery.

**COUNT II – BREACH OF CONTRACT (ADVANCEMENT & INDEMNIFICATION)**

72. Evora incorporates Paragraphs 1 through 71 by reference as if fully set forth herein.

73. Section B.b of the Amended Consulting Agreement requires Defendant to advance to Plaintiff the expected costs of Plaintiff's reasonable attorneys' fees and litigation expenses incurred in connection with any action, proceeding, investigation, subpoena, or other matter arising out of or relating to Plaintiff's engagement or the Consulting Agreement.

74. The Subpoena served upon Plaintiff in *Brand Engagement Network, Inc. v. AFG Companies, Inc*., No. 25-cv-2245 (CM) (S.D.N.Y.), falls squarely within the scope of the advancement and indemnification provisions of the Amended Consulting Agreement.

75. Plaintiff timely notified Defendant of the Subpoena and requested advancement pursuant to the parties' agreement.

76. Defendant acknowledged its advancement obligation and represented that it would advance at least a portion of Plaintiff's legal expenses.

77. Plaintiff relied upon Defendant's representations and promptly provided instructions for transmission of the advance.

78. Defendant nevertheless failed to advance any funds.

79. Plaintiff has incurred substantial attorneys' fees and litigation expenses responding to the Subpoena and continues to incur additional fees and expenses on an ongoing basis.

80. Defendant's refusal to advance those fees constitutes a material breach of the Amended Consulting Agreement.

81. The benefit of an advancement provision is the contemporaneous payment of legal expenses as they are incurred.

82. Money damages alone cannot fully compensate Plaintiff for Defendant's continuing failure to honor its contractual advancement obligations because Plaintiff continues to incur attorneys' fees and litigation expenses during the pendency of the underlying matter.

83. Plaintiff has no adequate remedy at law with respect to Defendant's continuing refusal to advance Plaintiff's litigation expenses as required by the Amended Consulting Agreement.

84. Plaintiff is therefore entitled to:

a. recover all attorneys' fees and litigation expenses previously incurred that should have been advanced by Defendant;

b. recover all additional attorneys' fees and litigation expenses incurred through the date of judgment;

c. an order specifically enforcing Defendant's contractual obligation to advance Plaintiff's reasonable attorneys' fees and litigation expenses on a current and ongoing basis during the pendency of the underlying matter;

d. prejudgment interest; and

e. such other relief as the Court deems just and proper.

**<u>COUNT III – DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-2202)</u>**

85. Evora incorporates Paragraphs 1 through 84 by reference as if fully set forth herein.

86. An actual and justiciable controversy exists between Plaintiff and Defendant concerning Defendant's continuing contractual obligations under Section B.b of the Amended Consulting Agreement.

87. Plaintiff contends that Defendant is contractually obligated to advance Plaintiff's reasonable attorneys' fees and litigation expenses as they are incurred in connection with the Subpoena and any related proceedings.

88. Plaintiff further contends that Defendant is contractually obligated to indemnify Plaintiff for all covered losses arising from those proceedings to the fullest extent permitted by the Amended Consulting Agreement.

89. Defendant has denied, repudiated, or otherwise failed to honor those contractual obligations.

90. Unless this Court declares the parties' respective rights and obligations under the Amended Consulting Agreement, the controversy will continue and Plaintiff will continue to suffer irreparable and ongoing harm.

91. Plaintiff is entitled to a declaration that:

a. Defendant is obligated to advance Plaintiff's reasonable attorneys' fees and litigation expenses as they are incurred in connection with the Subpoena and related proceedings;

b. Defendant's advancement obligations are immediate, continuing, and enforceable throughout the pendency of those proceedings;

c. Defendant may not withhold advancement in contravention of the Amended Consulting Agreement;

d. Defendant is obligated to indemnify Plaintiff for all covered losses to the extent provided by the Amended Consulting Agreement; and

e. Plaintiff is entitled to such further relief under 28 U.S.C. §§ 2201 and 2202 as the Court deems appropriate.

WHEREFORE, Plaintiff Evora Partners, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Brand Engagement Network, Inc., and grant the following relief:

A. Award Plaintiff damages for Defendant's breach of the Amended Consulting Agreement, including, without limitation, the unpaid Fixed Advisory Fee of $1,200,000;

B. Award Plaintiff all damages resulting from Defendant's breach of its advancement and indemnification obligations, including all attorneys' fees and litigation expenses previously incurred and all additional amounts recoverable under the Amended Consulting Agreement;

C. Enter an order specifically enforcing Defendant's contractual obligation to advance Plaintiff's reasonable attorneys' fees and litigation expenses on a current and ongoing basis during the pendency of the underlying proceedings;

D. Enter judgment declaring the parties' respective rights and obligations under the Amended Consulting Agreement, including Defendant's continuing obligations to advance and indemnify Plaintiff as set forth herein;

E. Award Plaintiff prejudgment interest at the maximum rate permitted by applicable law;

F. Award Plaintiff post-judgment interest pursuant to 28 U.S.C. § 1961;

G. Award Plaintiff its costs and disbursements incurred in this action;

H. Award Plaintiff its attorneys' fees to the extent recoverable by contract, statute, or otherwise; and

I. Grant such other and further legal or equitable relief as the Court deems just and proper.

Dated: September 2, 2026
New York, New York

Respectfully submitted,

VEDDER PRICE P.C.

By: /s/ *Mitchell Cohen*

Mitchell Cohen
mcohen@vedder.com
Rachel Trouba
rtrouba@vedder.com
1633 Broadway, 31st Floor
New York, New York 10019
T: +1 212 407 7700
F: +1 212 407 7799

*Counsel for Plaintiff Evora Partners LLC*